### CHARLES MERRIAM *vs.* JOHN HASKINS & another.

If a judgment debtor has been arrested on two executions in favor of the same creditor, and upon each arrest has entered into a recognizance under Gen. Sts. *c.* 124, § 10, a subsequent notice to the creditor of his desire to take the oath for the relief of poor debtors must specify from which of the two arrests he seeks to be discharged.

CONTRACT on a recognizance, taken under Gen. Sts. *c.* 124, § 10, with condition that the defendant Haskins, who had been arrested on an execution in favor of the plaintiff, should within thirty days from the day of his arrest deliver himself up for examination ; giving notice as therein provided, and making no default, and abide the final order of the magistrate thereon.

At the trial in the superior court, before *Ames,* J., without a jury, it appeared that, five days after the arrest upon the execution mentioned in the recognizance declared on, the plaintiff caused Haskins to be arrested upon another execution in his favor, and Haskins thereupon entered into another similar recognizance before the same magistrate with another surety ; and afterwards the magistrate issued a notice to the plaintiff that Haskins, " arrested on execution in your favor," without any designation of which of the two executions was referred to, desired to take the oath for the relief of poor debtors, and appointed a time and place for that purpose. The creditor did not appear at the time and place so appointed, and Haskins was accordingly discharged, without taking the oath.

Upon these facts, the judge ordered judgment for the plaintiff, and the defendants alleged exceptions.

*F. Woodside,* for the defendants.

*E. M. Bigelow,* for the plaintiff.

MERRICK, J. A debtor who has been arrested on execution, and duly recognized that he will within thirty days from the time of his arrest deliver himself up for examination before some magistrate authorized to act in relation thereto, has the privilege of selecting the magistrate by whom the time and place when and where he is to appear and so deliver himself up shall be appointed. The duty devolves upon him to give notice

to the creditor, in the manner directed by the statute, of the time and place which shall have been appointed for that purpose; and, if he fails to do so, he can derive no benefit or advantage from his act in taking the oath for the relief of poor debtors. But if he has omitted no preliminary duty, and has complied with all the requirements of law in such proceedings, and that oath is administered to him by the examining magistrate, he will then be entitled to be discharged from his arrest and imprisonment, and will thenceforward be forever exempt from arrest on the same execution. Gen. Sts. *c.* 124, §§ 10, 12, 13, 22. It is a direct and necessary implication from these provisions that he is to give information to the creditor as to the particular execution from which he seeks to be discharged, to obtain exemption from liability to any future arrest. When he has been arrested on only one execution, and has entered into only one recognizance, this information may be imparted by a simple reference in general terms to an execution in favor of the creditor, on which he has been taken into custody. This is sufficiently specific, since its import cannot be misunderstood or mistaken. But it is otherwise when arrests have been made on several executions, and the debtor has, upon being taken before a magistrate upon each of these executions, entered into such a recognizance, and all the recognizances remain in force when a notice is given to the creditor. Then it is necessary that the particular execution in reference to which the debtor seeks to be discharged from imprisonment should in some manner be plainly and distinctly indicated. And it is very important if not essential to the creditor, to enable him to protect his rights, that this should be done. He must have the execution, and an officer competent to serve and execute it, present at the time and place appointed for the examination of the debtor, so that, if the magistrate shall refuse to administer to him the oath, he may at once be taken into custody and committed to jail. The creditor ought, therefore, to be particularly informed on the subject, so that he may know which of the several executions that have been served he is to take care to have present on the occasion; for if there is no execution, and

no competent officer to serve it in attendance there, the debtor will have kept the condition of his recognizance, and will be discharged from imprisonment, although the oath is not administered to him. *Jacot* v. *Wyatt*, 10 Gray, 236. But the creditor is not required, in order that he may be sure that he shall have the right execution, and the one to which the debtor means to make the oath applicable, and by taking it to absolve himself from his present and all future imprisonment upon it, to have all the several executions in the hands of an officer there. He is to have there only the execution which, in the contingency of the refusal of the magistrate to administer the oath to the debtor, can then and there be immediately served and executed. And therefore he is entitled to have, and it is the duty of the debtor to give him, exact information as to the particular execution which it will be necessary for him to have present, ready to be served, if he shall be entitled to insist that the debtor shall still be held in custody upon it. Any notice to the creditor, therefore, that is not specific, but leaves it uncertain to which of the several executions the debtor intends that the proceedings he has instituted shall be applicable, will not be in compliance with the requirements of the statute, nor sufficient to entitle him to be admitted to the oath and to be discharged from imprisonment on the execution.

Upon this construction of the statute, it is obvious that the notice given by the debtor to the plaintiff, as disclosed in the statement of facts reported by the presiding judge before whom the present cause was tried, was insufficient, and consequently that such a breach of the condition of the recognizance was shown as entitles the plaintiff to maintain his action. The exceptions of the defendants must, therefore, be overruled